CANNON *v.* STATE.

(Division A. Dec. 3, 1923.)

[98 So. 63.   No. 23634.]

BURGLARY. *Indictment for burglary held bad as failing to charge purpose of keeping goods in house burglarized.*

An indictment for burglary under section 1073, Code 1906 (Hemingway's Code, section 801), which charges that goods etc., are kept in the house alleged to have been burglarized, but

fails to charges, as required by the statute, that the goods, etc., were therein kept "for use, sale, deposit or transportation," is bad, and the demurrer thereto should be sustained.

APPEAL from circuit court of Itawamba county.

HON. C. P. LONG, Judge.

Vardaman Cannon was convicted of burglary, and he appeals. Reversed and remanded.

*Mitchell & Clayton,* for appellant.

The demurrer to the indictment should have been sustained. The part of the indictment which is material is as follows: "Did feloniously and burglariously break and enter the corn pen or house of one Forrest Willis, with the felonious intent, the goods and chattels of said Forrest Willis, then and there kept, to feloniously and burglariously take, steal and carry away."

This indictment was drawn under section 801 of Hemingway's Code, the material part of which is as follows: "Every person who shall be convicted of breaking and entering in the day or night in a shop, store, booth, tent, warehouse or other building . . . in which any goods, merchandise or valuable things shall be kept for use, sale, deposit, or transportation, with the intent to steal, therein, etc." This indictment fails to follow the language of the statute and also fails to use words synonymous with those used in the statute.

In the case of *Roberts* v. *The State,* 55 Miss. 421, will be found an indictment drawn under this statute, which our court held to be good, and a comparison with this indictment with the one at bar will demonstrate the fact that the indictment herein questioned is not sufficient. 9 C. J., page 1041.

*S. C. Broom,* Assistant Attorney-General, for the state.

This indictment is drawn under section 1073 of the Code of 1906, section 801, Hemingway's Code, and an examina-

tion of the same and of the charging part of the indictment
will disclose that the indictment substantially follows the
language of the statute.

In the case of *Sowell* v. *State,* 102 Miss. 599, 39 So. 848,
it is said: "An indictment is sufficient if the crime is
charged in direct, concise and positive terms."

In the case of *Bennie Brown* v. *State,* 72 Miss. 990, the
court held that: "Where an indictment avers that the
accused did unlawfully, wilfully, feloniously and burgla-
riously break and enter a certain storehouse with intent to
steal therein, the offense of burglary is sufficiently
charged."

This indictment charges that he did feloniously and
burglariously break and enter the corn pen or house of
one Forrest Willis with the felonious intent the goods and
chattels of the said Forrest Willis then and there kept
to feloniously and burglariously take, steal and carry
away.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for burglary, one
of the errors assigned being the overruling of a demurrer
to the indictment.  The indictment, omitting the formal
parts, is as follows:

"Did feloniously and burglariously break and enter the
corn pen or house of one Forrest Willis, with the felonious
intent the goods and chattels of said Forrest Willis then
and there kept to feloniously and burglariously take, steal,
and carry away."

The defect in the indictment that is challenged by the
demurrer is that it fails to allege that the goods and chat-
tels in the house alleged to have been burglarized were
kept therein "for use, sale, deposit, or transportation."

Section 1073, Code of 1906 (Hemingway's Code, section
801), under which the indictment is drawn, provides that:
"Every person who shall be convicted of breaking and

entering, in the day or night, any shop, store, booth, tent, warehouse, or other building, . . . in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein," etc.

Under this statute, the breaking and entering of a house of the character therein described with intent to steal therein is burglary only where goods, merchandise, or other valuable things are kept therein "for use, sale, deposit or transportation." Consequently, the purpose for which the goods, etc., are kept in the building is one of the elements of the offense created by the statute, and must be alleged in the indictment either in the words of the statute or their equivalent. *Roberts* v. *State,* 55 Miss. 421; 9 C. J. 1041.

The demurrer should have been sustained.

*Reversed and remanded.*