636

BROWN *v.* STATE.

Division A.   Oct. 23, 1950.

No. 37642  (48 So. (2) 131)

Martin & Farr, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant appeals from a conviction and sentence to a three-year term in the state penitentiary for the crime of burglary. One of the errors assigned is the overruling of a demurrer to the indictment. The appellant was indicted under Section 2043, Mississippi Code of 1942, which provides: ''Every person who shall be convicted of breaking and entering, in the day or night, any shop, store booth, tent, warehouse, or other building or private room or office therein, ship, steamboat, flatboat, or railroad car, in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation. . . .''

The indictment, omitting the formal parts, is as follows: ''. . . did then and there wilfully, unlawfully, feloniously and burglariously break and enter in the night time the Prentiss High School building, the property of Prentiss Consolidated School District, with the felonious and burglarious intent to steal, take and carry away the goods, chattels, wares, merchandise, and personal prop-

erty of the said Prentiss Consolidated School District, which goods, wares, chattels, merchandise, and personal property were located in said school building . . ."

One of the grounds of the demurrer is that the indictment fails to allege that the property alleged to have been taken was kept therein "for use, sale, deposit, or transportation". In the case of Cannon v. State, 133 Miss. 567, 98 So. 63, 64, the Court, in passing upon this identical question, said: "Under this statute, the breaking and entering of a house of the character therein described with intent to steal therein is burglary only where goods, merchandise, or other valuable things are kept therein 'for use, sale, deposit or transportation.' Consequently, the purpose for which the goods, etc., are kept in the building is one of the elements of the offense created by the statute, and must be alleged in the indictment either in the words of the statute or their equivalent. Roberts v. State, 55 Miss. 421; 9 C. J. 1041."

The demurrer also challenges the indictment on the ground that the ownership of the school building was not properly alleged.

The indictment should also have charged that the building which was alleged to have been burglarized was the property of the school trustees (naming them), and their successors in office, for the use and benefit of the Prentiss Consolidated School District. Of course, on the question of proof, the trustees who were custodians of the building and vested with the legal title thereto should be able to testify whether or not the building in question is located in the said school district.

Since the case is to be reversed because of the insufficiency of the indictment, it is unnecessary that we discuss either the facts or the law in connection with the other assignments of error, except to say that the Court does not think that any of them are well-taken, and we think that the evidence would all be competent in a trial

on a sufficient indictment. The demurrer should have been sustained.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and remanded.