CHANDLER, J.,
for the Court.
¶ 1. After a jury trial, Stephen Rashad Bacon was found guilty of fleeing a law officer in a motor vehicle. The Circuit Court of Leake County sentenced Bacon to serve three years in the custody of the Mississippi Department of Corrections and to pay a fine of $1,500. Bacon appeals, arguing that the indictment omitted two essential elements of the crime charged and that the statutory subsection under which he was charged is unconstitutionally vague.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. The following facts were brought out at the trial. Former Walnut Grove Chief of Police Michael Harper testified that he was patrolling the town of Walnut Grove during the early morning hours of July 25, 2004. Chief Harper was driving a marked police cruiser equipped with sirens, a ten-strobe blue-light bar, and additional blue strobe lights on the car’s front grille and rear window. At approximately 3:30 a.m., Chief Harper was proceeding in a northerly direction on Main Street when he observed a green Mitsubishi car pull out of the Lockwood Apartment complex. The car made a "wide turn and the wheels on the right side of the car dropped off the pavement of the road. Chief Harper suspected that the car’s driver was intoxicated. Chief Harper began following the car, which proceeded north on Main Street toward the intersection of Main Street and Mississippi Highway 35. When the car reached the intersection, the car proceeded through the intersection without stopping at the stop sign and turned north on Highway 35.
¶ 4. At that point, Chief Harper suspected from the car’s wide turn and failure to stop at the stop sign that the car’s driver was intoxicated. Chief Harper attempted to initiate a traffic stop by turning on his blue lights. The car did not stop, though Chief Harper could see the flashing blue lights reflected in the car’s rear windshield. Chief Harper followed the car north on Highway 35 toward Carthage. Chief Harper turned on his siren, but still the car did not stop.
¶ 5. Chief Harper radioed dispatch that he was in pursuit. The dispatcher testified that she could hear the siren over the radio. Chief Harper relayed the car’s tag number to the dispatcher, and the dispatcher told him that the car was registered to Bacon. Chief Harper testified that the car sped up, reaching speeds over one hundred and ten miles per hour. Chief Harper stayed approximately three car lengths behind the speeding car. He testified that the car was traveling over the center line of Highway 35 and forced two other vehicles to pull off the highway to avoid being hit.
¶ 6. Chief Harper called the Carthage Police Department for backup and Officer Dustin Sanders responded. Officer Sanders positioned his patrol car, with its lights flashing, in the northbound lane of Highway 35 outside the Carthage city limits. As the speeding car approached Officer Sanders’s patrol car, it slowed and stopped. Chief Harper arrested the driver, who was identified as Bacon. Officer Sanders testified that Bacon was stopped about seven tenths of a mile south of the Carthage city limits. Chief Harper testified that there are approximately nine miles on Highway 35 between the northern limits of the town of Walnut Grove and the southern city limits of Carthage.
¶ 7. Bacon testified that, when he pulled out of the Lockwood Apartment complex, he did not make a wide right turn and did not allow the car’s right wheels to leave the roadway. Bacon stated that he re *252 membered having stopped at the stop sign at the intersection of Main Street and Highway 35. Bacon stated that, when he stopped, he turned on an interior light, leaned over, and searched for a cigar in the back seat of his car. Bacon stated that he drove off when he noticed headlights approaching from the rear. Bacon stated that he did not see any blue lights until he had crested a hill at Twin City, a couple miles south of Carthage. At that point, he saw Officer Sanders’s blue lights ahead of him. He stopped because he thought it could be a road block. Bacon testified that he saw Chief Harper’s blue lights flashing for the first time as he slowed to a stop near Officer Sanders.
¶ 8. The jury found Bacon guilty of fleeing a law officer in a motor vehicle.
LAW AND ANALYSIS
I. THE INDICTMENT OMITS AN ESSENTIAL ELEMENT OF THE CRIME CHARGED.
¶ 9. For the first time on appeal, Bacon asserts that his indictment did not include every essential element of the crime charged. An indictment’s purpose is to furnish a defendant with reasonable notice of the charges against him so that he might prepare a defense. Spicer v. State, 921 So.2d 292, 319 (¶ 58) (Miss.2006). The indictment must provide a clear and concise statement of the crime charged and must fully notify the defendant of the nature and cause of the accusation against him. Byrom v. State, 863 So.2d 836, 865 (¶ 95) (Miss.2003). A defendant’s allegation that an indictment failed to charge the essential elements of the crime is a substantive challenge that is not waivable and may be raised for the first time on appeal. Havard v. State, 928 So.2d 771, 801 (¶ 59) (Miss.2006). “[C]hallenges to the sufficiency of an indictment will not be procedurally barred and may be raised for the first time on appeal.” Spicer, 921 So.2d at 319 (¶ 57).
¶ 10. Bacon was indicted under Mississippi Code Annotated section 97-9-72 (Rev.2006), which was enacted in 2004 and provides, in pertinent part:
(1) The driver of a motor vehicle who is given a visible or audible signal by a law enforcement officer by hand, voice, or emergency light or siren directing the driver to bring his motor vehicle to a stop when such signal is given by a law enforcement officer acting in the lawful performance of duty who has a reasonable suspicion to believe that the driver in question has committed a crime, and who willfully fails to obey such direction shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00) or imprisoned in the county jail for a term not to exceed six (6) months, or both.
(2) Any person who is guilty of violating subsection (1) of this section by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property, or who so operates a motor vehicle in a manner manifesting extreme indifference to the value of human life, shall be guilty of a felony, and upon conviction thereof, shall be punished by a fine not to exceed Five Thousand Dollars ($5,000.00), or by commitment to the custody of the Mississippi Department of Corrections for not more than five (5) years or both.
¶ 11. Bacon’s indictment specified that he was charged with the felony version of the crime under subsection 2 of the statute. The indictment stated, in pertinent part:
Stephen Rashad Bacon late of the County aforesaid, on or about the 25th day of *253 July, in the year of our Lord, 2004, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously fail to obey a visible signal to stop his vehicle given by Walnut Grove policeman Michael Harper, a law enforcement officer, when said Michael Harper activated his emergency lights while in the lawful performance of his duty and having reasonable suspicion to believe that Stephen Rashad Bacon had committed a crime and then Stephen Rashad Bacon did operate his motor vehicle with a reckless disregard for the safety of persons or property, contrary to and in violation of Section 97-9-72(2), Miss. Code Ann. (1972), against the peace and dignity of the State of Mississippi.
¶ 12. Bacon contends that the indictment did not successfully charge him under subsection (2) with the felony version of the crime of fleeing an officer in a motor vehicle. Bacon avers that the felony enhancement applies to a person’s failure to obey a signal to stop “by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property.” Miss.Code Ann. § 97-9-72(2) (emphasis added). He contends that the indictment did not track the statute because it stated that Bacon failed to obey a signal to stop “and then Stephen Rashad Bacon did operate his motor vehicle with a reckless disregard for the safety of persons or property.” (emphasis added). Bacon argues that the indictment did not effectively accuse Bacon of a failure to obey a signal to stop by operating his motor vehicle in a reckless manner. Therefore, Bacon contends, he was only charged with a misdemeanor under subsection (1).
¶ 13. The indictment must allege every material fact and essential ingredient of the offense with precision and certainty. Smith v. State, 754 So.2d 1159, 1164 (¶ 15) (Miss.2000). We find that the language of Bacon’s indictment was sufficiently precise and certain to charge him with felonious fleeing of a law enforcement officer under subsection (2). Subsection (1) proscribes a person’s failure to obey a signal to stop a motor vehicle given by a law enforcement officer under specified circumstances. Subsection (2) makes it a felony to fail to obey the signal to stop by operating the motor vehicle in a manner indicating reckless disregard for the safety of others. Logically, a person’s failure to obey a signal tó stop a motor vehicle signifies that the person is continuing to operate the motor vehicle. Bacon’s indictment charged him with failing to obey a visible signal to stop his motor vehicle and then operating his motor vehicle with reckless disregard for the safety of others. Therefore, it successfully alleged that, after Bacon was signaled to stop, Bacon continued to operate his motor vehicle with reckless disregard for the safety of others. Because the failure to obey a signal to stop the vehicle implies the continuing operation of the vehicle, there is no logical difference between failing to obey by operating one’s vehicle recklessly, and failing to obey and then operating one’s motor vehicle recklessly. The indictment properly charged Bacon with the felony crime under subsection (2).
II. FAILURE OF THE INDICTMENT TO DISCLOSE AN OFFENSE UNDERLYING THE OFFENSE CHARGED RENDERS THE INDICTMENT FATALLY DEFECTIVE.
¶ 14. Bacon’s indictment stated that, when Chief Harper activated his emergency lights, he had reasonable suspicion to believe Bacon had committed a crime. Bacon argues that the indictment *254 omitted an essential element of the crime charged because it did not identify what crime Officer Harper reasonably suspected Bacon of having committed. Bacon cites State v. Berryhill, 703 So.2d 250 (Miss.1997), for the proposition that, when a charge of one crime is predicated on another, the omission of the underlying offense is fatal to the indictment.
¶ 15. To secure a conviction for capital murder, the State must prove the defendant’s guilt of a predicate felony and that predicate felony must be identified in the indictment. Lambert v. State, 462 So.2d 308, 311 (Miss.1984). Unlike capital murder, a defendant’s guilt of fleeing a law officer in a motor vehicle is not predicated upon the defendant’s guilt of another crime. To secure a conviction for fleeing a law officer in a motor vehicle, the State must prove that the officer’s attempted traffic stop was legal; that is, that the attempted traffic stop was the product of the officer’s reasonable suspicion. Miss. Code Ann. § 97-9-72(1); see Adams v. City of Booneville, 910 So.2d 720, 722 (¶ 8) (Miss.Ct.App.2005). The State need not prove the defendant’s guilt of an underlying crime. Therefore, an underlying crime is not an essential element of fleeing a law officer in a motor vehicle. Bacon’s indictment was not fatally defective for failing to specify the offense of which Officer Harper reasonably suspected Bacon. This issue is without merit.
III. SUBSECTION 2 OF MISSISSIPPI CODE ANNOTATED SECTION 97-9-72, THE PROVISION OF LAW UNDER WHICH APPELLANT WAS CONVICTED, IS VOID FOR VAGUENESS.
¶ 16. Bacon argues that subsection (2) of section 97-9-72 is unconstitutionally vague. Specifically, Bacon contends that the language making it a felony crime to fail to obey a signal to stop “by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property” is drawn so broadly that it would include “almost any carelessness exhibited in driving” and leaves doubt as to what conduct is prohibited. The State points out that Bacon did not raise the void for vagueness issue in the lower court and, therefore, failed to preserve this argument for appeal. Fleming v. State, 604 So.2d 280, 292 (Miss.1992). “Constitutional arguments not asserted at trial are waived.” Id. As Bacon did not preserve this issue for appellate review, we do not address it.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF FLEEING A LAW OFFICER IN A MOTOR VEHICLE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE OF $1,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.