# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01547-COA

**JAMES KWAME TOPPS A/K/A JAMES TOPPS**        **APPELLANT**
**A/K/A JAMES K. TOPPS**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/13/2016 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 09/26/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**FAIR, J., FOR THE COURT:**

¶1.    James Topps was convicted of felony fleeing a law enforcement officer and aggravated assault on a law enforcement officer. He was sentenced to serve concurrent life sentences on each count as a habitual offender. Topps appeals, claiming that there was insufficient evidence to sustain each verdict and that each verdict was against the overwhelming weight of the evidence. Finding no error, we affirm.

## FACTS

¶2.    On August 16, 2015, Officer Devarius Smith from the Winona Police Department

responded to a domestic-disturbance call from Topps.  When Officer Smith arrived, he first talked to Topps's wife, Gloria.  Topps talked over Gloria as she was trying to tell Officer Smith her account of what happened.  According to Officer Smith, he asked Topps to quiet down and Topps responded, "F*** you and the Winona Police Department.  If y'all put your hands on me, I'm going to kill y'all."

¶3.    Officer Smith determined there was a domestic disturbance, so he called Lieutenant Dan Herrod for backup.  Topps left and walked down the street.  When Lieutenant Herrod arrived, he and Officer Smith proceeded to get in their vehicles to find Topps.  They saw Topps get into his tan Ford Expedition, put the car in reverse, turn the car around, and speed away.  Both officers testified that Topps drove the car directly through an area where over twenty kids were playing basketball.  At trial, Topps denied that there were any kids around.

¶4.    Topps sped past the officers and ran a stop sign.  At that point, Officer Smith got into his patrol car, activated his blue lights and sirens, and pursued Topps.  During the pursuit, Officer Smith saw Topps run several more stop signs.  He followed closely behind Topps, reaching speeds of almost eighty miles per hour.  As they reached construction on a bridge, Topps drove through a fence and into a pasture.  Topps's car eventually came to a stop, and Officer Smith exited the patrol car with his weapon drawn.  Smith testified that, as he approached Topps, Topps put his vehicle in reverse and backed up within about five feet of him. He also testified that he had to jump to the left to avoid getting hit. Officer Smith fired three rounds at Topps's back tire in an attempt to disable the vehicle.  His attempt was

unsuccessful, and Topps drove away. When they crossed the county line, Lieutenant Herrod ordered Smith to terminate the pursuit, since he was alone and unfamiliar with the area.

## DISCUSSION

### 1. Sufficiency of the Evidence

¶5. When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). Where the facts and inferences "point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty," the proper remedy is to reverse and render. *Id*. However, if "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence will be deemed to have been sufficient. *Id*.

¶6. Topps first challenges the sufficiency of evidence for Count I – felony fleeing a law enforcement officer. Mississippi Code Annotated section 97-9-72 (Rev. 2014) provides:

> (1) The driver of a motor vehicle who is given a visible or audible signal by a law enforcement officer by hand, voice, emergency light or siren directing the driver to bring his motor vehicle to a stop when such signal is given by a law enforcement officer acting in the lawful performance of duty who has a reasonable suspicion to believe that the driver in question has committed a crime, and who willfully fails to obey such direction shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00) or imprisoned in the county jail for a term not to exceed six (6) months, or both.

(2) Any person who is guilty of violating subsection (1) of this section by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property, or who so operates a motor vehicle in a manner manifesting extreme indifference to the value of human life, shall be guilty of a felony[.]

¶7.     "To secure a conviction for fleeing a law officer in a motor vehicle, the State must prove that the officer's attempted traffic stop was legal; that is, that the attempted traffic stop was the product of the officer's reasonable suspicion." *Bacon v. State*, 950 So. 2d 250, 254 (¶16) (Miss. Ct. App. 2007). "The State need not prove the defendant's guilt of an underlying crime." *Id*.

¶8.     Topps argues that Officer Smith did not have reasonable suspicion that he committed a crime, rendering the evidence insufficient for Count I. Reasonable suspicion can arise several ways, including from an officer's personal observations. *Cooper v. State*, 145 So. 3d 1164, 1168 (¶11) (Miss. 2014) (citing *Florida v. J.L.*, 529 U.S. 266, 270-71 (2000)). Here, Officer Smith testified that, based on his observations, he had reasonable suspicion of a crime of domestic violence. Further, Officer Smith and Lieutenant Herrod testified that, before the pursuit began, they saw Topps run a stop sign, which is also a crime. *See* Miss. Code Ann. § 63-3-309 (Rev. 2013). After review, we find there was sufficient evidence to support Topps's conviction of felony fleeing a law enforcement officer.

¶9.     Topps next challenges the sufficiency of evidence for Count II – aggravated assault on a law enforcement officer. Mississippi Code Annotated section 97-3-7(2)(a) (Rev. 2014) provides:

A person is guilty of aggravated assault if he (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; [or] (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . .

¶10. "An attempt to commit a crime consists of three elements: (1) an intent to commit a particular crime, (2) a direct ineffectual act done toward its commission, and (3) the failure to consummate its commission." *Craig v. State*, 201 So. 3d 1108, 1111 (¶9) (Miss. Ct. App. 2016) (quoting *Brooks v. State*, 18 So. 3d 833, 841 (¶33) (Miss. 2009)). Officer Smith testified that, during his investigation, Topps said, "F*** you and the Winona Police Department. If y'all put your hands on me, I'm going to kill y'all." He also testified that, as he approached Topps's vehicle after the pursuit, Topps tried to hit him with his vehicle. Specifically, he said that Topps "put the vehicle in reverse and backed [it] up to approximately five feet away from me. I had to jump to the left[,] and I fired three rounds at his back left tire to try and disable the vehicle." Viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found Topps guilty of aggravated assault on a law enforcement officer.

## 2. Weight of the Evidence

¶11. Topps next argues that both verdicts were against the overwhelming weight of the evidence. "When reviewing a denial of a motion for [a] new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an

unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). The evidence is weighed in the light most favorable to the verdict. *Id*.

¶12. A new trial based on the weight of the evidence should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (citation omitted). And because the trial judge had a firsthand view of the trial, "reversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Waits v. State*, 119 So. 3d 1024, 1028 (¶13) (Miss. 2013).

¶13. Topps's argument on Count I largely rehashes his prior arguments above. On Count II, Topps's argument focuses on Officer Smith's testimony. As already stated, Officer Smith testified that Topps threatened to kill him and that Topps tried to hit him with his car. In his testimony, Topps denied both of those allegations. "Conflicting testimony does not evince overwhelming evidence; where the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." *Brown v. State*, 995 So. 2d 698, 702 (¶13) (Miss. 2008) (citation and quotation omitted).

¶14. After review, we find neither verdict is against the overwhelming weight of the evidence.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

6