# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00811-COA

KELTON K. HATHORNE A/K/A KELTON K. HATHORNE SR. A/K/A KELTON KESHAWN HATHORNE A/K/A KELTON HATHORNE

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/30/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/23/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.    Kelton K. Hathorne was convicted of possession of a controlled substance (ethylone) in excess of thirty grams.  Pursuant to Mississippi Code Annotated section 41-29-139(f)(2)(C) (Rev. 2013), the Forrest County Circuit Court sentenced Hathorne to thirty years in the custody of the Mississippi Department of Corrections, with ten years suspended, twenty years to serve, and five years of post-release supervision.  Hathorne filed posttrial motions, which the trial court denied.  Hathorne now appeals, asserting that (1) the indictment was defective, and (2) his conviction was legally insufficient or against the

overwhelming weight of the evidence.

**FACTS**

¶2.     On November 7, 2015, Officer Jason Jarvis witnessed a black Dodge Charger run a red light at an intersection in Hattiesburg, Mississippi.  Officer Jarvis initiated a traffic stop, and the driver stopped the car in a motel parking lot.  As Officer Jarvis approached the car, he noticed two occupants.  But, the driver then sped the car away, ultimately stopping behind the motel.  Officer Jarvis followed in his patrol car and witnessed a man exit the driver's side of the car.  Officer Jarvis testified that he followed this man, later identified as Hathorne, through the parking lot and up one flight of stairs.  Hathorne then jumped over the railing and landed in a flower bed.  Officer Jarvis saw another officer, Brad Nix, apprehend Hathorne. While assisting Officer Nix move Hathorne to the patrol car, Officer Jarvis saw the passenger in the car move to the driver's seat and begin to drive the car in reverse.  After quickly searching Hathorne for a weapon, Officer Jarvis placed Hathorne in Officer Nix's patrol car and then apprehended the other occupant.  The other occupant rode to the police station in Officer Jarvis's patrol car.

¶3.     At the police station, Officer Jarvis searched Hathorne and found $890 in his pocket. Officer Nix, who had transported Hathorne to the police station, checked the back seat after removing Hathorne and found a Crown Royal bag containing marijuana, Xanax, two counterfeit twenty-dollar bills, and a white, rock-like substance later identified as ethylone. The bag had been stuffed under the back seat.  Officer Nix testified that the back seat of the patrol car could be lifted up in one piece and that prior occupants handcuffed in the same

2

manner as Hathorne have stuffed drugs under the seat while being transported. Officer Nix also stated that he routinely checks this particular area of his patrol car as a result. He further testified that no one else had been in the back seat of his patrol car that day.

¶4. Officer Jarvis testified that he conducted a field test on the white substance, and it tested positive for methamphetamine.

¶5. Grady Downey, a forensic scientist who works as a drug analyst for the state, tested the drug and identified it as 31.959 grams of ethylone, commonly known as bath salts. Downey stated that ethylone is a "psychotropic stimulant drug" in the class of amphetamines and cathinones and sometimes mistaken for methamphetamine in field tests.

## DISCUSSION

### I. DEFECTIVE INDICTMENT

¶6. Hathorne first argues that his indictment was defective. Specifically, Hathorne claims that the indictment did not sufficiently charge him with drug trafficking, only simple possession. The indictment listed the charging statute as "Trafficking in Controlled Substance, Mississippi Code Annotated section 41-29-139(f)(2)(C)." The body of the indictment charged Hathorne with "knowingly, willfully, unlawfully, and feloniously possess[ing] thirty (30) grams or more of Ethylone, a Schedule I Controlled Substance, contrary to the form of the statute in such cases made and provided . . . ."

¶7. Section 41-29-139(f) provides:

> (f) **Trafficking**. (1) Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of not less than ten (10) years nor more than forty (40) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million

3

Dollars ($1,000,000.00).  The ten-year mandatory sentence shall not be reduced or suspended.  The person shall not be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3 and 47-7-33, to the contrary notwithstanding.

> (2) "Trafficking in controlled substances" as used herein means:
>
> . . . .
>
> > (C) A violation of subsection (c) of this section involving thirty (30) or more grams or forty (40) or more dosage units of a Schedule I or II controlled substance except marijuana and synthetic cannabinoids . . . .

¶8.     Section 41-29-139(f)(2)(C) references section 41-29-139(c), which states in part:

> (c) **Simple possession**.  It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.

¶9.     Hathorne argues that the State was required to prove that he violated section 41-29-139(a), which prohibits the "transfer and possession with intent to transfer" controlled substances.  But the statutory language relied upon by the State requires the State to prove that (1) Hathorne possessed the controlled substance as set forth in section 41-29-139(c), and (2) the weight of the drugs was over thirty grams to warrant the greater punishment under section 41-29-139(f)(1).  "[T]he Mississippi Supreme Court [has] held that an indictment is generally sufficient if it tracks the language of the relevant criminal statute." *Ludwig v. State*, 147 So. 3d 360, 363 (¶9) (Miss. Ct. App. 2014).  The indictment reflects the required language; thus, this issue is without merit.

¶10.    In his reply brief, Hathorne also argues that both section 41-29-139(f)(2)(A) and

section 41-29-139(f)(2)(C) subject an offender to the same punishment options regardless of whether there is an intent to transfer under subsection (2)(A) or simple possession under subsection (2)(C). The Legislature, however, has defined trafficking to include the possession of specific amounts of controlled substances, in this instance ethylone. It is our Legislature's prerogative "to define crimes and set out punishment for offenders, and this prerogative is given great latitude." *Faraga v. State*, 514 So. 2d 295, 302 (Miss. 1987).

## II.    SUFFICIENCY AND WEIGHT OF THE EVIDENCE

¶11.    In the alternative, Hathorne argues that the verdict was against the sufficiency and overwhelming weight of the evidence. Hathorne also contends that the evidence was insufficient to prove simple possession.

### A.    Sufficiency of the Evidence

¶12.    When reviewing a challenge to the legal sufficiency of the evidence:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Where the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that reasonable jurors could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is to reverse and render. However, if reasonable fair-minded jurors in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient.

*Topps v. State*, 227 So. 3d 1177, 1180 (¶5) (Miss. Ct. App. 2017) (citations and internal quotation marks omitted).

### 1.    Trafficking

¶13.    Hathorne argues that no evidence was produced to show possession with intent to

5

transfer. But as previously stated, the State was required to prove that (1) Hathorne possessed the controlled substance as set forth in section 41-29-139(c), and (2) the weight of the drugs was over thirty grams to warrant the greater punishment under section 41-29-139(f)(1). The State was operating under the theory that Hathorne had constructive possession of the controlled substance. For that, "there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971). "Constructive possession may be shown by establishing that the drug[s] involved [were] subject to his dominion or control." *Id.* "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." *Gavin v. State*, 785 So. 2d 1088, 1093 (¶16) (Miss. Ct. App. 2001). In *Gavin*, we stated the following:

> Being in a closed area such as a vehicle or a room with contraband does not by itself permit the inference of dominion and control. If the accused is the owner of the premises, or if he is the exclusive user for some extended period of time, or if there are additional incriminating circumstances, then the inferences might be permissible.

*Id*. at 1094 (¶ 21).

¶14. Officer Nix testified that he found the bag of drugs under the back seat after transporting Hathorne to the station. He further testified that no one else had ridden in his patrol car that day and that he routinely checks his patrol car because prior occupants had attempted to hide drugs under the back seat. This Court has upheld a possession-of-a-controlled-substance conviction in a factually similar case. *See Jefferson v. State*, 964 So.

6

2d 615, 619 (¶13) (Miss. Ct. App. 2007). The State also proved that the drug in question was a controlled substance and the amount was over thirty grams. From the evidence presented, reasonable jurors could have concluded that Hathorne was guilty of trafficking. This issue lacks merit.

### 2. Simple Possession

¶15. Hathorne contends that the indictment charged him with simple possession; thus, the jury "without deliberating any intent to transfer element, really only found Hathorne guilty of the lesser included offense of simple possession." Hathorne argues that the evidence was not sufficient to convict him of simple possession. Because we have already found that the indictment was not defective and that the evidence was sufficient to convict Hathorne of trafficking, we find no merit to this issue.

### B. Weight of the Evidence

¶16. When reviewing a challenge to the weight of the evidence, this Court will only disturb the verdict if "it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Roberts v. State*, 229 So. 3d 1060, 1068 (¶29) (Miss. Ct. App. 2017). We review the evidence in the light most favorable to the verdict. *Id.*

### 1. Trafficking

¶17. When we take the evidence in the light most favorable to the verdict, we find the weight of the evidence supports the guilty verdict. Testimony revealed that Officer Nix's patrol car was clean of any drugs when Hathorne was arrested, and there was no evidence

to the contrary. Immediately after he was removed from the car, Officer Nix discovered the bag of drugs under the seat where Hathorne had been sitting. Based on the evidence, we cannot say the verdict creates an unconscionable injustice and requires reversal. This issue is without merit.

### 2. Simple Possession

¶18. Because we have found the weight of the evidence supports the guilty verdict, this issue is without merit.

¶19. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**