# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-00306-SCT

*KELTON K. HATHORNE SR. a/k/a KELTON K. HATHORNE*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/2021 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| TRIAL COURT ATTORNEYS: | SANFORD E. KNOTT |
| | MATTHEW DAVIS SHOEMAKER |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SANFORD E. KNOTT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 11/09/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     In August 2023, this Court granted Kelton K. Hathorne Sr.'s petition for writ of certiorari. Hathorne appealed from an order of the Forrest County Circuit Court that denied his motion for post-conviction collateral relief. On appeal, Hathorne argued his indictment was defective because it failed to charge a crime. The Court of Appeals agreed that the indictment was defective; however, it determined Hathorne's claim was procedurally barred under the Uniform Post-Conviction Collateral Relief Act and, thus, affirmed the circuit court's order. We find that the Court of Appeals erred by affirming the judgment of the

circuit court and that Hathorne's claim is not procedurally barred.  Accordingly, we reverse the judgments of the Court of Appeals and of the Forrest County Circuit Court, and we grant post-conviction relief.

## FACTS AND PROCEDURAL HISTORY

¶2.    In November 2015, Kelton K. Hathorne Sr. was arrested in Hattiesburg, Mississippi, after attempting to flee a routine traffic stop.  He was charged with possession of a controlled substance—specifically "Ethylone"—under Mississippi Code Section 41-29-139 (Supp. 2014).  The Forrest County Grand Jury indicted Hathorne in December 2016 for "knowingly, willfully, unlawfully, and feloniously possess[ing] thirty (30) grams or more of Ethylone, a Schedule 1 Controlled Substance."  Hathorne went to trial in May 2017.  The jury ultimately found Hathorne guilty, and he was sentenced to thirty years imprisonment, ten suspended and twenty to serve.

¶3.    On direct appeal, the Court of Appeals affirmed his conviction and sentence. *Hathorne v. State*, 267 So. 3d 798 (Miss. Ct. App. 2018).  This Court granted Hathorne leave to petition for post-conviction collateral relief based on his claim that his indictment did not sufficiently charge a crime.  *See* Order, *Hathorne v. State*, No. 2020-M-00451 (Miss. July 21, 2020).  After conducting an evidentiary hearing, the trial court denied the petition.

¶4.    Hathorne appealed the trial court's denial of his petition for post-conviction relief. In January 2023, the Court of Appeals affirmed the trial court's order.  *See Hathorne v. State*, No. 2021-CA-00306-COA, 2023 WL 218763, at *1 (Miss. Ct. App. Jan. 17, 2023). The Court of Appeals determined that Hathorne's indictment was defective and did not

charge a crime, but it denied him relief, holding that his claim was procedurally barred by the Uniform Post-Conviction Collateral Relief Act, Mississippi Code Section 99-39-21 (Rev. 2020), because he could have raised this issue at trial and/or on direct appeal. *Id.* at *2, *5. Following that decision, Hathorne petitioned this Court for a writ of certiorari, which was granted.

## STANDARD OF REVIEW

¶5.     "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Magee v. State*, 340 So. 3d 297, 300 (Miss. 2022) (alterations in original) (internal quotation marks omitted) (quoting *Williams v. State*, 228 So. 3d 844, 846 (Miss. Ct. App. 2017)).

## DISCUSSION

¶6.     In his petition, Hathorne raises essentially two arguments for our review. First, he posits that the fundamental-rights exception should offer him relief because Section 99-39-21 is a procedural—not substantive—enactment that remains untouched by this Court's recent pronouncement in *Howell v. State*, 358 So. 3d 613, 615–16 (Miss. 2023) (holding that the fundamental-rights exception no longer applied to "substantive, constitutional bars codified by the Legislature in the [UPCCRA]"). Second, he urges this Court to find that actual innocence claims survive *Howell* and constitute an exception to the statutory time bar under the UPCCRA.

¶7.     We find that the Court of Appeals erred by concluding that Hathorne's claim is barred

by the UPCCRA. Because we find Hathorne's claim is not time-barred, we decline to address whether actual innocence claims survive *Howell* and constitute an exception to the statutory time bar. We begin our analysis by looking at the alleged defective indictment; then, we address the UPCCRA.

### I. *Hathorne's indictment was defective.*

¶8. In his PCR motion, Hathorne argued his indictment was defective because it failed to charge a crime—i.e., ethylone is not listed as a Schedule I controlled substance under Mississippi Code Section 41-29-113 (Supp. 2014), and the State failed to connect ethylone to one of the enumerated controlled substances in the statute. At the PCR evidentiary hearing before the trial court, the State attempted to "connect the dots" by providing a more descriptive affidavit by a drug analyst, which was not presented at trial. On appeal, the Court of Appeals determined that "because this affidavit was not presented at trial, it [could not] be used *post hoc* as evidence that the State met its burden." *Hathorne*, 2023 WL 218763, at *4. Only the evidence presented at trial is sufficient to "connect the dots" for the jury. *Id.*

¶9. The Court of Appeals, therefore, found the indictment was defective for three reasons: (1) "[a]t no point was a specific Code subsection ever pointed out to the jury" to tie ethylone to a Schedule I controlled substance; (2) "[t]he State provided no evidence that ethylone was a recognized trade name or that its pseudonym was in widespread use"; and (3) "[t]here was no evidence that ethylone was on any federal schedule." *Id.*

¶10. In support of its analysis and conclusion, the Court of Appeals relied on and likened Hathorne's case to *Payne v. State*, 282 So. 3d 432 (Miss. Ct. App. 2019). *Hathorne*, 2023

4

WL 218763, at *2–4. In *Payne*, the defendant was indicted for possession of "ethylone" as an alleged Schedule I controlled substance. *Payne*, 282 So. 3d at 435. At trial, "the proof offered by the State failed to connect the dots—i.e., to show that ethylone is, or at least contained, a substance or compound enumerated on the statutory schedule." *Id.* at 437. Thus, Payne's indictment failed to charge a crime. *Id.* at 438. The facts in *Payne*—in this respect—are identical to the facts here. We agree with the Court of Appeals that, like the defendant in *Payne*, Hathorne's indictment failed to charge a crime and was defective for the above quoted reasons. According to *Payne*, an indictment's failure to charge a crime renders that indictment void and "requires dismissal of the indictment and reversal of the conviction." *Id.* (citing *Copeland v. State*, 423 So. 2d 1333, 1337 (Miss. 1982)). But Hathorne was not granted that relief.

## II. Hathorne's claim is not procedurally barred by the UPCCRA.

¶11. Though the Court of Appeals found Hathorne's indictment defective, it determined that he was not entitled to relief under the UPCCRA and that the holding in *Payne* was inconsequential. *Hathorne*, 2023 WL 218763, at *5. The Court of Appeals stated, "[w]hile Hathorne's case is very similar to the *Payne* case, there is one important distinction: Payne made his arguments on direct appeal, while Hathorne failed to bring this claim until after his direct appeal." *Id.* at *5 (citing *Payne*, 282 So. 3d at 434). Because this issue was raised post-direct appeal, it must be analyzed through the lens of the UPCCRA.

### A. The UPCCRA and Fundamental Rights Post-Howell

¶12. PCR motions are subject to limitations set forth in the UPCCRA, which includes the

following waiver provision:

> (1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
>
> . . . .
>
> (4) The term "cause" as used in this section shall be defined and limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.
>
> (5) The term "actual prejudice" as used in this section shall be defined and limited to those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence.

Miss. Code Ann. § 99-39-21(1), (4)–(5) (Rev. 2020). The Court of Appeals denied Hathorne relief, arguing that his "challenge to his indictment [was] barred because his claim was 'capable of determination at trial and/or on direct appeal.'" *Hathorne*, 2023 WL 218763, at *5 (quoting Miss. Code Ann. § 99-39-21(1)). It posited that Hathorne's claim fails because "the basis in *Payne*—the *Brewer* and *Copeland* cases—could 'have been discovered with reasonable diligence at the time of trial or direct appeal.'" *Hathorne*, 2023 WL 218763, at *5 (citing *Brewer v. State*, 351 So. 2d 535 (Miss. 1977); *Copeland*, 423 So. 2d 1333). Further, the court found Hathorne could not establish the requisite "cause and actual prejudice" necessary for relief from the waiver. *Id.* (quoting *Forkner v. State*, 277 So. 3d 946, 948 (Miss. 2019)).

¶13.    We first note that the Court of Appeals is correct that a defective indictment is not an

enumerated exception to the procedural bars of the UPCCRA. *Id.* The caselaw, pre-*Howell*, excepted "errors affecting fundamental constitutional rights." *Rowland v. State (Rowland I)*, 42 So. 3d 503, 507 (Miss. 2010), *overruled by Howell*, 358 So. 3d 613. Such errors included: double jeopardy and illegal sentencing, *id.*, and certain denials of due process, *Rowland v. State (Rowland II)*, 98 So. 3d 1032, 1036 (Miss. 2012), *overruled by Howell*, 358 So. 3d 613. One week after the Court of Appeals' opinion in this case was published, this Court decided *Howell*. 358 So. 3d 613. *Howell* explicitly overruled *Rowland I* and *Rowland II* and held that "the fundamental-rights exception can[not] apply to the substantive, constitutional bars codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act." 358 So. 3d at 616. In *Howell*, the Court was specifically addressing the three-year statute of limitations, "a substantive, legislatively enacted law and not procedural[.]" *Id.*

¶14. In 1999, Howell pled guilty to felony possession of a controlled substance and was sentenced to three years—one year on house arrest and two years of post-release supervision. *Id.* at 614. In 2016, Howell sought post-conviction relief, alleging his sentence was illegal. *Id.* His claim, however, was time-barred because his motion was filed fourteen years after the statutory deadline. *Id.* at 615. Therefore, to be granted relief, Howell had to show his claim was excepted from the procedural bar. *Id.*

¶15. In seeking that relief, Howell contended his PCR petition challenged an illegal sentence. *Id.* As we stated then, "[e]rrors affecting fundamental constitutional rights, such as an illegal sentence, are excepted from procedural bars which otherwise would prevent

7

their consideration." *Id.* (internal quotation marks omitted) (quoting *Jones v. State*, 119 So. 3d 323, 326 (Miss. 2013)). But, after considering the merits, we determined Howell's sentence was legal and "fell well within the statutory parameter[s]." *Id.* at 617 (citing *Grayer v. State*, 120 So. 3d 964, 969 (Miss. 2013)). Thus, Howell's challenge did not stand on the merits and, even if the claim was meritorious, the statutory limitations precluded relief. *Id.* This Court, however, left open the door for other challenges that are not substantive in nature, "acknowledg[ing] that other arguments may be used to attack the constitutionality of the statutory bars, either as applied to particular cases or on their face[.]" *Id.* at 616. We turn to the facts of this case utilizing that approach.

### B. Defective Indictments

¶16. In addressing fundamental-rights, the Court of Appeals relied on *Forkner*, 277 So. 3d 946, for the proposition that a defective indictment is not a fundamental-rights exception to the UPCCRA. *Hathorne*, 2023 WL 218763, at *5. The Court of Appeals analogized *Hathorne* to *Forkner*: both challenged a defective indictment, both did not present their challenge on direct appeal, and both could not show cause and actual prejudice to overcome the waiver. *Hathorne*, 2023 WL 218763, at *5. A closer look at *Forkner*, however, reveals key differences between that case and Hathorne's case.

¶17. First, Forkner had filed a fourth PCR motion challenging his indictment, and it was filed thirteen years after the mandate issued in his direct appeal. *Forkner*, 277 So. 3d at 947–48. Second, though the motions panel found his indictment defective, the en banc court on rehearing disagreed. *Id.* The Court found the indictment was not defective because "it

8

fully notified him of the nature and cause of the accusation against him and did not prejudice him in his defense." *Id.* at 949. Importantly, Forkner had challenged the indictment's failure to recite all of the necessary elements of burglary of a storehouse, specifically that it failed "to detail that the property that was stolen was kept in the storehouse for use, sale, deposit, or transport." *Id.* at 950 (citing **Brown v. State**, 209 Miss. 636, 48 So. 2d 131 (1950), *superseded by rule*, Miss. Unif. Cir. and County Ct. R. 7.06, *supplanted by* Miss. R. Crim. P. 14.1 (eff. July 1, 2017), *as recognized in* **Forkner**, 277 So. 3d at 950). Forkner had not challenged the indictment on the ground that it failed to *charge a crime at all*. *Id.* at 948. This Court denied Forkner relief because his motion was time-barred, he could not meet the waiver requirement, and his motion was a successive motion. *Id.* This Court's analysis of the merits of Forkner's challenge is distinguishable from Hathorne's, and the Court of Appeals' rule gleaned from **Forkner** is too broad-sweeping to be an accurate summation of the Court's position on defective indictment challenges.

¶18. This is not a **Forkner** situation. First, and perhaps most weighty, this is Hathorne's first PCR motion, and it was timely filed. Second, the Court of Appeals and this Court agree that Hathorne's indictment was defective because it failed to *charge a crime at all*, not just that it lacked sufficient detail. With both of those points in mind, can Hathorne meet the waiver requirement and be granted relief?

¶19. Our case law makes clear that "a substantive defect in an indictment cannot be cured by extrinsic proof and *is not waived* by the failure to demur thereto." **Copeland**, 423 So. 2d at 1336 (emphasis added). "[T]his Court has squarely held that challenges to the substantive

9

sufficiency of an indictment are *not waivable*. Thus, they may be raised at *any* time, including on appeal." ***State v. Berryhill***, 703 So. 2d 250, 254 (Miss. 1997) (emphasis added). Further, "a challenge to an indictment for failure to charge the essential elements of a criminal offense *affects a fundamental right, and may not be waived*." ***Carson v. State***, 212 So. 3d 22, 31 (Miss. 2016) (emphasis added) (internal quotation mark omitted) (quoting ***Ross v. State***, 954 So. 2d 968, 1015 (Miss. 2007)). This Court's longstanding precedent places great emphasis on the protection of the right to challenge the sufficiency of an indictment. *See also* ***State v. Buckhalter***, 119 So. 3d 1015, 1019 (Miss. 2013) (holding that a flawed indictment "affects a fundamental right"). "The constitutional right of the accused, to demand 'the nature and cause of the accusation against him,' cannot be waived or surrendered, and therefore, if the indictment do not contain sufficient description of the offense to notify the accused of 'the nature and cause of the accusation,' *it is a nullity*, and may be objected to at any time." ***Buford v. State***, 146 Miss. 66, 111 So. 850, 856 (1927) (emphasis added) (internal quotation marks omitted) (quoting ***Newcomb v. State***, 37 Miss. 383 (1859)). Here, the indictment against Hathorne, as a nullity, was and is void, and a judgment of conviction based on a nullity "must necessarily be itself a nullity." ***Ex parte Scott***, 70 Miss. 247, 11 So. 657 (1892).

¶20. Following the guidance of this Court's precedent, Hathorne's challenge to the substantive sufficiency of his indictment cannot be waived. To hold otherwise in this case would preclude relief from a person, who we have determined was never charged with a

10

crime, serving twenty years in prison, day-for-day. Granting relief in this extraordinary case[1] is the only just outcome—to keep Hathorne in prison under no legal requirement would certainly constitute "cruel or unusual punishment" and an "excessive fine[]," which is expressly prohibited under our Constitution. Miss. Const. art. 3, § 28.

## CONCLUSION

¶21.    For these reasons, we reverse the judgments of the Court of Appeals and of the Forrest County Circuit Court, and we grant post-conviction relief. We reverse Hathorne's conviction and sentence and render a judgment dismissing his indictment.

¶22.    **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**

---

[1] We note that it is a rare occurrence for our Court to find an indictment insufficient and even rarer to find that an indictment does not charge a crime at all.