# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00822-COA

**KOBRIN W. PICKENS A/K/A KORBIN WAYNE PICKENS A/K/A KORBIN PICKENS A/K/A KOBIN PICKENS**      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2022 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ZAKIA BUTLER CHAMBERLAIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | BENJAMIN F. CREEKMORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/21/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. A Chickasaw County Circuit Court jury convicted Kobrin Pickens of possessing thirty grams or more of methamphetamine while in possession of a firearm. The circuit court sentenced Pickens as a nonviolent habitual offender and subsequent drug offender to eighty years in the custody of the Mississippi Department of Corrections (MDOC), with thirty years suspended and fifty years to serve.

¶2. Pickens's appointed appellate counsel filed a brief in compliance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), representing to this Court that the record presented no

arguable issues for appeal. Pickens was granted time to file a supplemental brief pro se, but he did not do so. No issues were raised on appeal, and this Court's thorough and independent review of the record has revealed no arguable issue that would warrant supplemental briefing or reversal. Therefore, we affirm the trial court's judgment.

**FACTS**

¶3. In March 2018, MDOC Officer Dwight Winter, Pickens's parole officer, received an anonymous tip that Pickens was engaged in criminal activity. Officer Winter contacted Agent Michael Fowler, a narcotics agent at the Chickasaw County Sheriff's Department, and relayed the information regarding Pickens. Officer Winter also advised Agent Fowler that Pickens was scheduled to report to Officer Winter that same day.

¶4. Based on the information from Officer Winter, Agent Fowler set up a safety checkpoint with law enforcement officers. Agent Fowler testified that Pickens eventually pulled up to the checkpoint and stopped his vehicle. When Agent Fowler approached the vehicle, he observed that Pickens was in the driver's seat, and Pickens's girlfriend, Laken Scott, was in the passenger seat. Agent Fowler asked Pickens if the officers could search his vehicle, and Pickens consented. During the search, officers discovered narcotics, contraband, and a firearm in the vehicle. As a result, the officers arrested Pickens and Scott. The officers then sent the narcotics to the Tupelo Crime Laboratory for testing. Alicia Waldrop, a forensic scientist with the Tupelo Crime Laboratory, testified that the narcotics were determined to be methamphetamine in the amount of 36.75 grams.

¶5. Pickens was indicted for trafficking thirty grams or more of methamphetamine in

2

violation of Mississippi Code Annotated section 41-29-139(f)(2)(A) (Supp. 2017) with a firearm enhancement.[1] At Pickens's trial, the jury heard testimony from Officer Winter, Agent Fowler, Scott, Waldrop, and Pickens.

¶6.     Scott testified that Pickens owned the vehicle that he was driving on the day of his arrest. Scott also admitted that on the day of the arrest, she and Pickens had used methamphetamine. Scott testified that after she and Pickens were arrested and placed in jail, Pickens sent Scott a note stating that if she would claim ownership of the firearm found in the vehicle, then he would claim ownership of the methamphetamine. Scott testified that she initially claimed ownership of the firearm because she and Pickens "were in a relationship and he asked [her] to [claim it], and [she] didn't want him to get longer jail time by being a convicted felon with a firearm." However, at trial, Scott stated that the firearm did not belong to her.

¶7.     Pickens testified that at the time of his arrest, he was driving his mother's vehicle. Although Scott testified that she had witnessed Pickens selling methamphetamine in the past, Pickens denied ever possessing or selling methamphetamine. Both Pickens and Scott testified that they did not know that a firearm or narcotics were inside of the vehicle.

¶8.     The jury ultimately found Pickens guilty of possessing thirty grams or more of methamphetamine and guilty of possessing a firearm at the time of the offense. At the sentencing hearing, the State offered evidence of Pickens's prior convictions, and the trial court found that Pickens's prior convictions satisfied the requirements of a second or

---

[1] Miss. Code Ann. § 41-29-152 (Rev. 2013).

subsequent offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev. 2018) and of a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2018). The trial court then sentenced Pickens as a habitual offender to a term of eighty years in the MDOC's custody, with thirty years suspended and fifty years to serve.[2]

¶9.    Pickens filed a motion for judgment notwithstanding the verdict or a new trial, which the trial court denied. This appeal followed.

## DISCUSSION

¶10.    *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). Pickens's appointed appellate counsel complied with that procedure and represented that there are no arguable issues for appeal. Counsel also sent Pickens a copy of the brief and advised him that he could file a pro se brief. This Court entered an order granting Pickens time to file a pro se brief. However, as stated, Pickens has not filed a supplemental brief.

¶11.    Pursuant to *Lindsey*, this Court has "reviewed the briefs and conducted an independent

---

[2] Although Pickens was charged with trafficking thirty grams or more of methamphetamine, the jury returned a verdict finding Pickens guilty of "the lesser crime of possession of thirty grams or more methamphetamine." As explained by the trial court, section 41-29-139(f)(2)(C) subjects an offender to the same punishment options regardless of whether there is an intent to transfer under subsection (2)(A) or simple possession under subsection (2)(C). This Court has further explained that "[t]he Legislature . . . has defined trafficking to include the possession of specific amounts of controlled substances, in this instance [methamphetamine]. It is our Legislature's prerogative to define crimes and set out punishment for offenders, and this prerogative is given great latitude." *Hathorne v. State*, 267 So. 3d 798, 801 (¶10) (Miss. Ct. App. 2018) (internal quotation marks omitted); *see also McFarland v. State*, 297 So. 3d 1110, 1115 (¶17) (Miss. Ct. App. 2020).

and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Green v. State*, 242 So. 3d 923, 925 (¶9) (Miss. Ct. App. 2018) (quoting *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015)). Accordingly, we affirm Pickens's conviction and sentence.

¶12. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**