# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00334-COA

**ALVIN GREEN**                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                **APPELLEE**

DATE OF JUDGMENT:                02/27/2017
TRIAL JUDGE:                     HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:       PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          OFFICE OF STATE PUBLIC DEFENDER
                                 BY: ERIN ELIZABETH BRIGGS
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: KATY TAYLOR GERBER
NATURE OF THE CASE:              CRIMINAL - FELONY
DISPOSITION:                     AFFIRMED - 01/09/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Following a jury trial, Alvin Green was convicted of two counts of armed robbery, conspiracy to commit armed robbery, aggravated assault, and two counts of possession of a firearm by a convicted felon. Green's appointed appellate counsel filed a "*Lindsey* brief," certifying that she has scoured the record and that the case presents no "arguable issues" for appeal. *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005). Green subsequently filed a pro se supplemental brief that could be liberally construed as challenging the weight or sufficiency of the evidence and/or to allege ineffective assistance of trial counsel. We have independently reviewed the entire record and find no issues warranting reversal. Therefore,

we affirm Green's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2.     On Tuesday, October 27, 2015, Stanley Ginn was walking home from school at McComb High School when two men drove up beside him in a Silver Nissan. At trial, Ginn identified Green as one of the two men in the car. The other man got out of the car and put a gun to Ginn's stomach. Green directed the man with the gun to check Ginn's pockets and to take Ginn's book sack. The man with the gun took two dollars in change from Ginn's pockets, Ginn's iPhone, and Ginn's book sack. The man with the gun then returned to the car, and the two men drove off.

¶3.     On Wednesday, October 28, 2015, Carlos Jones was at a gas station in McComb when two men in a car offered to sell him codeine cough syrup. At trial, Jones identified Green as one of the two men in the car, which he described as a gray Nissan Altima. Jones declined to buy the cough syrup but offered to sell the men some jewelry, which he showed them. Green said that he would buy the jewelry but needed to go to the ATM first. When Green got out of his car, he put a gun in Jones's stomach and said, "Give me everything you got." Jones tried to push the gun away, but Green fired the gun, and the bullet grazed Jones and wounded him. Green then returned to the car, and the two men then drove off.

¶4.     Based on partial license plate numbers provided by witnesses, the police were able to identify the car used in the robberies as a 2009 silver Nissan Altima owned by Victoria Holmes. They located Holmes and the car on Friday, October 30, 2015.

2

¶5.    Holmes told police that Green had her car on the days of the two robberies.  Holmes, who lived in McComb, had gone to visit her sister in New Orleans the weekend before the robberies.  Green lived in New Orleans and knew Holmes's sister, and Holmes agreed to give him a ride back to McComb on Monday, October 26, 2015.  Green and a man named "Trell" then rented a room at the Quality Inn in McComb.  On Tuesday and Wednesday, Green and Trell borrowed Holmes's car during the day while she was at work at Sanderson Farms.  Green told Holmes that "he was thinking about staying [in McComb] longer" and might even move there.  However, when Green and Trell picked Holmes up at work on Wednesday night, they were in a hurry to go back to New Orleans immediately.  Holmes drove them back to New Orleans that night and then returned to McComb alone the next day.

¶6.    A Pike County grand jury indicted Green for the armed robberies of Ginn and Jones, conspiracy to commit the armed robbery of Ginn, two counts of possession of a firearm by a convicted felon, and the aggravated assault of Jones.[1]  The case proceeded to a jury trial on February 15-16, 2017.  The State called five witnesses: Ginn, Jones, Holmes, Detective Sid Boyte of the McComb Police Department, and an employee of the Quality Inn, who testified that Green stayed at the hotel on October 26-28, 2015.  The defense rested without calling any witnesses, and the jury returned a verdict finding Green guilty on all counts.

---

[1] The grand jury also indicted Green on five additional counts based on another incident, with a different victim, on October 27, 2015.  Those charges—armed robbery, kidnapping, conspiracy to commit armed robbery, conspiracy to kidnap, and possession of a firearm by a convicted felon—were remanded to the files on the day of trial.

3

¶7. The circuit court sentenced Green to concurrent terms of thirty years, with ten years suspended and five years of post-release supervision, for each count of armed robbery; ten years for each count of possession of a firearm by a convicted felon; five years for conspiracy; and twenty years for aggravated assault. Green subsequently filed a motion for a judgment notwithstanding the verdict or a new trial, which the circuit court denied, and a notice of appeal.

## ANALYSIS

¶8. *Lindsey*, 939 So. 2d at 748 (¶18), establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe that his or her client's case presents any arguable issues on appeal." Green's appointed appellate counsel complied with that procedure and certified that there are no arguable issues for appeal. Green then filed a pro se supplemental brief that could be liberally construed as challenging the weight or sufficiency of the evidence and/or to allege ineffective assistance of trial counsel.

¶9. Pursuant to *Lindsey*, we have "reviewed the briefs and conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). The State presented sufficient evidence to establish Green's guilt beyond a reasonable doubt, and the jury's verdict is not against the overwhelming weight of the evidence. Green's allegation that his lawyer "never looked into" exculpatory evidence "'[is] based on facts not fully apparent from

4

the record' and thus cannot be addressed on direct appeal." *Johnson v. State*, 191 So. 3d 732, 736 (¶14) (Miss. Ct. App. 2015) (quoting *Sandlin v. State*, 156 So. 2d 813, 819 (¶20) (Miss. 2013)). This claim is "more appropriate [for] a motion for post-conviction relief" and is therefore dismissed without prejudice. *Id.* at (¶13). Accordingly, Green's convictions and sentences are affirmed.

¶10. **AFFIRMED**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**