# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01392-COA

**KENDRICK BASS A/K/A KEN BASS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2019 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/13/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Following a jury trial, Kendrick Bass was convicted of one count of statutory rape of a child under the age of fourteen and one count of fondling.  On December 18, 2019, Bass's appointed appellate counsel filed a brief in compliance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), certifying to this Court that the record presented no arguable issues for appeal. Counsel requested that the Court grant Bass forty days of additional time to file a pro se supplemental brief.  On January 8, 2020, this Court entered an order granting the additional time.  However, no brief was filed within forty days.  On April 3, 2020, Bass filed a "Motion for Dismissal of Conviction," suggesting that he had received ineffective assistance of trial

counsel. On July 7, 2020, Bass filed a pro se supplemental brief claiming that he was denied his constitutional right to a speedy trial and reasserting that he had received ineffective assistance of trial counsel. On July 15, 2020, the State filed a motion to strike Bass's pro se supplemental brief. The State's motion is granted, and we affirm Bass's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2. After allegations that thirteen-year-old Jane[1] was raped, twenty-year-old Bass was arrested on September 15, 2016. On February 7, 2017, Bass was indicted for one count of statutory rape of a child under the age of fourteen and one count of fondling. Following three mistrials, Bass proceeded to trial on July 15, 2019.[2]

¶3. At Bass's trial, Bernadette Logan, the Captain of Investigations of the Tunica County Sheriff's Office, testified that on September 12, 2016, she was informed that Jane, a thirteen-year-old girl, had allegedly been raped by two men at her mother's residence in Tunica, Mississippi. Captain Logan responded to the residence and spoke with Jane's mother. Jane's mother testified that she had learned about the incident from a neighbor, Laroy Jackson. And when she (Jane's mother) questioned Jane, Jane indicated that Kendrick Bass and Demarcus Clinton had been involved.

---

[1] We use pseudonyms to protect the victim's identity.

[2] Bass's first trial began on July 17, 2017; however, a mistrial was declared on July 27, 2017, because it came to light that a juror's daughter was friends with Jane and Jane's mother. Bass's second trial began on April 10, 2019; however, a mistrial was declared on April 22, 2019, after Bass engaged in improper contact with Jane. Bass's third trial began on June 10, 2019; however, a mistrial was declared on June 21, 2019, because there were not enough jurors to proceed.

¶4.     Captain Logan testified that Jane was presented with two photo lineups and instructed to circle the photos of the men who had sexual intercourse with her. Jane circled photos of Bass and Clinton. Captain Logan testified that ultimately Bass was arrested.[3] Finally, she testified that Bass waived his constitutional rights during an interview and admitted that he had sexual intercourse with Jane.[4]

¶5.     Jane testified that, on the night of the incident, Clinton texted her and asked if he could come over. Around midnight, Clinton climbed through Jane's bedroom window, and Bass followed him inside. Jane wondered why Bass was there because she had not expected him. According to Jane, the three of them talked, and then Bass and Clinton began touching her. Jane indicated that she resisted, but they forced themselves on her. According to Jane, while Clinton had sexual intercourse with her, Bass sat on the side of the bed and touched her breasts. Then Bass had sexual intercourse with her. Jane testified that afterward she was afraid to tell anyone about what had happened.

¶6.     On cross-examination, Jane suggested that she had partially recanted in a letter, but she testified that it pertained to the "other person," presumably Clinton. At that point, the prosecutor objected on the basis of relevancy. Outside the presence of the jury, the prosecutor explained that Clinton's attorney had previously given him a copy of a note in which Jane stated that Clinton did not rape her. According to the prosecutor, at a prior hearing, Jane and her mother testified that Jane wrote the note because Clinton's relatives

---

[3] We note that Bass and Clinton were co-indictees.

[4] Relevant portions of the recorded interview were played for the jury.

3

had threatened her. And according to the prosecutor, the note did not mention Bass. The judge asked Bass's attorney, "Is that - - As far as you know, is that accurate . . . ?" Defense counsel responded, "Yes, sir." Neither the attorneys nor the court had a copy of the note. Ultimately, the court sustained the State's objection and stated, "Obviously, if it had involved Mr. Bass, it'd be a different story."

¶7. After considering the evidence presented at trial, the jury found Bass guilty of statutory rape of a child under fourteen years of age and fondling. For his statutory-rape conviction, the court sentenced Bass to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC), provided that ten years of such sentence shall be suspended and that Bass shall be placed on probation. For his fondling conviction, the court sentenced Bass to serve ten years in MDOC custody. The court ordered Bass's sentences to run concurrently. The court also ordered Bass to register as a sex offender and to pay a $1,000 fine, $500 to the Crime Victims Compensation Fund, $350 to the general fund of Tunica County, and all court costs.

¶8. On December 18, 2019, Bass's appointed appellate counsel filed a *Lindsey* brief, certifying to this Court that the record presented no arguable issues for appeal. Counsel requested forty days of additional time for Bass to file a pro se supplemental brief. On January 8, 2020, this Court entered an order granting the additional time. The State filed its Appellee's Brief on March 20, 2020. On April 3, 2020, Bass filed a "Motion for Dismissal of Conviction" suggesting that he had received ineffective assistance of trial counsel. On July 7, 2020, Bass filed a pro se supplemental brief claiming that he was denied his

4

constitutional right to a speedy trial. He also reasserted his prior ineffective-assistance claim and claimed that trial counsel was ineffective for failing to litigate his speedy-trial violation. On July 15, 2020, the State filed a motion to strike Bass's pro se supplemental brief.

**DISCUSSION**

¶9. *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe that his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). Bass's appointed appellate counsel complied with that procedure and certified that there are no arguable issues for appeal. Subsequently, Bass filed a "Motion for Dismissal of Conviction," suggesting that he had received ineffective assistance of trial counsel because his attorney failed to present evidence that would have significantly changed the outcome of his trial.[5] And he filed an untimely pro se supplemental brief claiming, for the first time, that he was denied his constitutional right to a speedy trial, and reasserting that he had received ineffective

---

[5] Bass attached to his motion what appears to be a message allegedly authored by the victim. The message, which is dated September 14, 2018, states:

> I [Jane], have something to confess that I want to drop charges against Demarcus Clinton and Ken Bass they did not really rape me. I was just scared at the moment thats why I said that. They did not force me to do anything. I only said they rape me because I was trying to keep myself from getting in trouble. I see now what I did was wrong and I feel bad about putting them through all this for this long. This have been sitting on my mind for a while. I really want this to get dropped because i wasn't expecting thing to get this bad, but now that I know that this is wrong I want to fix things. So please consider in dropping charges. Sincerely, [Jane]

However, we note that "[a] party cannot make something part of the record by simply attaching it to his brief." *Ivy v. State*, 103 So. 3d 766, 769 (¶13) (Miss. Ct. App. 2012) (citing *McCullough v. State*, 47 So. 3d 1206, 1211 (¶18) (Miss. Ct. App. 2010)).

assistance of trial counsel. Due to the untimeliness of Bass's pro se brief, the State's motion to strike is granted. On our own motion, we also strike Bass's Motion for Dismissal of Conviction, which we construe as a pro se brief that was also untimely filed.

¶10. Pursuant to *Lindsey*, we have "reviewed the briefs and conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Green v. State*, 242 So. 3d 923, 925 (¶9) (Miss. Ct. App. 2018). Accordingly, we affirm Bass's convictions and sentence. However, we preserve Bass's right to raise his ineffective-assistance and speedy-trial claims in post-conviction proceedings.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**