# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00405-COA

**JEREMY JEROME POWE A/K/A JEREMY POWE A/K/A JEREMY J. POWE**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2022 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA RODU ROSENBLATT |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/20/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Following a jury trial, Jeremy Powe was convicted of possessing more than 0.1 gram but less than 2 grams of methamphetamine. The circuit court sentenced Powe as a nonviolent habitual offender to serve a term of three years in the custody of the Mississippi Department of Corrections.[1]

¶2. On December 12, 2022, Powe's appointed appellate counsel filed a brief in compliance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), representing to this Court

---

[1] Powe's sentence was ordered to run consecutively to the sentence imposed in Forrest County Circuit Court Cause No. 14-570-CR.

that the record presented no arguable issues for appeal. Counsel requested that the Court grant Powe forty days of additional time to file a pro se supplemental brief. On December 20, 2022, this Court entered an order granting the additional time. However, no brief was filed within forty days. After independently reviewing the briefs and the record, we affirm Powe's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶3. On January 22, 2018, Officer DeReginald Williamson and his field-training officer, Officer Robert Daniel Klem, responded to a call regarding a suspicious male and female in a green vehicle in the Hardee's parking lot in Petal, Mississippi. Officer Williamson testified that when they arrived at the location, he observed a male sitting in a green Ford and asked him for identification. After identifying the male as Powe, Officer Williamson determined that there was an outstanding warrant for Powe's arrest. At that point, Officer Williamson conducted a pat-down of Powe. Once he determined that Powe did not have any weapons, he turned Powe over to Officer Klem.

¶4. Officer Klem testified that he witnessed Officer Williamson place Powe under arrest and conduct the pat-down. Then he conducted a more thorough search of Powe before placing him in the vehicle. Officer Klem testified that he found a substance in Powe's sock that he believed to be methamphetamine.

¶5. During cross-examination, defense counsel questioned Officer Klem about a "chain of custody" form, which stated, "A white crystal substance believed to be methamphetamine [was] located in [a] pill bottle in [Powe's] left jacket pocket." Officer Klem testified that this

2

was a "clerical error" and that he found the substance in Powe's sock. Officer Klem pointed out that the label on the actual evidence bag stated that the substance was found in Powe's sock. He further explained that pill bottles were found in Powe's jacket; however, the substance about which he was testifying at trial was found in Powe's sock. Finally, although defense counsel suggested otherwise, Officer Klem testified that he did not plant the substance on Powe.

¶6. Keith McMahan with the Mississippi Forensics Laboratory testified as an expert in drug analysis. Although another forensic analyst tested the substance that was found in Powe's sock, McMahan reviewed the analyst's work and agreed with her conclusion that the substance was 1.133 grams of methamphetamine, a Schedule II substance.

¶7. After the State rested its case, the defense moved for a directed verdict, which was denied. Then the defense rested without calling any witnesses. After considering the evidence presented at trial, a jury convicted Powe of possession of methamphetamine. Subsequently, Powe filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied.

**DISCUSSION**

¶8. *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). Powe's appointed appellate counsel complied with that procedure and represented that there are no arguable issues for appeal. Powe has not filed a supplemental brief.

3

¶9. Pursuant to *Lindsey*, we have "reviewed the briefs and conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Green v. State,* 242 So. 3d 923, 925 (¶9) (Miss. Ct. App. 2018) (quoting *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015)). Accordingly, we affirm Powe's conviction and sentence.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**