# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00224-COA

**LAKEYSHA JACKSON**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/20/2023 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/18/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Following a jury trial, Lakeysha Jackson was convicted of shooting into a motor vehicle. The circuit court sentenced Jackson to three years in the custody of the Mississippi Department of Corrections (MDOC), with all three years suspended. For the firearm enhancement, the circuit court sentenced Jackson to five years in the Intensive Supervision Program.

¶2.     On November 15, 2023, Jackson's appointed appellate counsel filed a brief consistent with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), representing to this Court that the record presented no arguable issues for appeal. Counsel requested that the Court grant Jackson forty

days of additional time to file a pro se supplemental brief. On November 22, 2023, this Court entered an order granting the additional time. However, no brief was filed within forty days. After independently and thoroughly reviewing the briefs and the record, we affirm Jackson's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶3. Around 3:51 p.m. on April 19, 2018, Officer Eric Bilbro with the Clarksdale Police Department responded to a call that shots had been fired in Clarksdale. When he arrived at the scene, Shyoulonda Williams indicated that Lakeysha Jackson had shot at the Cadillac Escalade she (Williams) was driving. Officer Bilbro observed a bullet hole in the back of the vehicle.

¶4. Investigator Adam Dunavant also spoke with Williams who reiterated that Jackson had shot at the vehicle. She also indicated that Jackson was driving a black Mercedes-Benz with a personalized license plate reading, "Keyshaa." Edith Merrell, an eyewitness, went with Investigator Dunavant to the scene of the shooting, which was approximately one block away. Merrell showed Investigator Dunavant the approximate area where the shooting occurred, and he found a casing for a .380-caliber automatic firearm.

¶5. Thereafter, Jackson was arrested. Jackson waived her *Miranda*[1] rights and indicated that she had been in Tunica County when the shooting occurred, not Coahoma County. After obtaining a search warrant, Investigator Dunavant searched Jackson's black Mercedes-Benz. During the search, he found ammunition for a .380-caliber automatic firearm. He also found

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

a Smith & Wesson Bodyguard semi-automatic pistol in the trunk of the Mercedes-Benz. Ultimately, Jackson was charged with attempted aggravated assault and shooting into a motor vehicle.

¶6. At trial, Williams explained that she and Jackson's husband, Daniel Young, lived together and had three children together. Williams testified that on April 19, 2018, she was driving with one of her children in the vehicle and stopped at some point to have a conversation with Merrell. Then Williams noticed Jackson getting out of her vehicle. According to Williams, Jackson stated that she was going to kill her and her children because Young was her husband. Williams testified that Jackson fired the gun twice and then attempted to follow her in her vehicle.

¶7. Tommy Bishop with the Mississippi Forensics Laboratory testified as an expert in the field of firearms and tool-marks examination. Bishop testified that he examined the casing that was recovered at the scene of the shooting and compared it to the gun that was found in Jackson's vehicle. Ultimately, he concluded that the casing had been ejected from the gun.

¶8. After the State rested its case, Jackson's motion for a directed verdict was denied. Jackson was advised of her right to testify or not, and she decided to testify. Jackson admitted that the gun belonged to her; however, she testified that her husband (Young) had access to her vehicle and the gun. She testified that she was not in Clarksdale during the afternoon of April 19, 2018. According to Jackson, Young was still living with her on April 19, 2018, and she was not aware that he had been involved with Williams until after the fact.

¶9. Ultimately, the jury was unable to reach a unanimous verdict on the charge of

3

attempted aggravated assault, and a mistrial was declared for it. However, Jackson was convicted of shooting into a motor vehicle. After a presentence investigation and a sentencing hearing, the circuit court sentenced Jackson to three years in MDOC's custody but suspended the sentence. For the firearm enhancement, the circuit court sentenced Jackson to five years in the Intensive Supervision Program under the supervision and control of MDOC.[2] Jackson filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied.

## DISCUSSION

¶10. *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). Jackson's appointed appellate counsel filed a brief consistent with the procedure in *Lindsey* and represented that there are no arguable issues for appeal. Jackson has not filed a supplemental brief.

¶11. Pursuant to *Lindsey*, we have "reviewed the briefs and conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Green v. State*, 242 So. 3d 923, 925 (¶9) (Miss. Ct. App. 2018) (quoting *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015)). Accordingly, we affirm Jackson's conviction and sentence.

¶12. **AFFIRMED.**

> **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS,**

---

[2] The circuit court declined to make the finding that Jackson's conviction constituted a crime of violence.

**McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**