# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00610-COA

**ALEXANDER EASTERLING A/K/A**                                                **APPELLANT**
**ALEXANDER EASTERLING, SR.**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/11/2023 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN T. COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| DISTRICT ATTORNEY: | CHRISTOPHER DOUGLAS HENNIS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/27/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Alexander Easterling was convicted by a Simpson County Circuit Court jury of possession of a controlled substance as a second or subsequent offender and a habitual offender. Easterling was sentenced by the Simpson County Circuit Court to serve six years in the custody of the Mississippi Department of Corrections. On appeal, Easterling's appointed counsel filed a brief consistent with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), representing to this Court that the record presented no arguable issues for appeal. This Court granted Easterling forty additional days to file a pro se supplemental brief if he so desired.

No supplemental brief was filed. After reviewing the briefs and record, we affirm Easterling's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. On October 7, 2020, in Magee, Mississippi, Lieutenant Chris Jones observed Easterling traveling down a highway and pulled Easterling over after observing him run a stop sign. Lieutenant Jones also noticed that Easterling's tag light was out. When Lieutenant Jones got behind Easterling's vehicle and initiated his blue lights, Easterling immediately pulled over. Upon approaching the vehicle, Lieutenant Jones observed Easterling driving the vehicle and one other person in the passenger seat.[1]

¶3. Lieutenant Jones asked Easterling for his driver's license and proof of insurance. Easterling began "plundering for his insurance card through the glove box, through the center console, just being real fidgety in the car." Easterling did not have a driver's license to present to Lieutenant Jones, so instead Easterling gave Lieutenant Jones a Mississippi identification card. After not being able to produce a driver's license, Lieutenant Jones asked Easterling to step out of the vehicle. Before exiting the vehicle, Lieutenant Jones noticed that Easterling held a plastic sandwich bag in his hand, and the end had been torn off of it. This raised suspicion in Lieutenant Jones because it is something he commonly sees "with someone packaging narcotics."

¶4. Once out of the vehicle, Lieutenant Jones directed Easterling to the rear of the vehicle, and they discussed Easterling's driver's license. Easterling informed Lieutenant Jones that

[1] The passenger was identified as Gary Clint Roberts. Roberts was arrested for outstanding fines. He was not arrested for anything in connection with the traffic stop.

2

his driver's license was suspended for nonpayment of child support. During this encounter, Easterling only "made eye contact with [Lieutenant Jones] maybe twice in the entire time [Lieutenant Jones] was talking to him," and Easterling "started sweating." Lieutenant Jones asked Easterling if there was anything illegal in the vehicle that he should be concerned about, and Easterling "stared off in space." Lieutenant Jones told Easterling to "just be honest" with him, and if something in the car was a "ticketable" offense, he would just give Easterling a ticket. Easterling then responded that he had some Klonopin pills. When asked if that was all he had in the car, Easterling said he had some crystal methamphetamine and a "meth pipe" in the car as well.

¶5.    Lieutenant Jones informed Easterling that based on his admission and the illegal substance in the vehicle, he was going to be detained, and Lieutenant Jones was going to search the vehicle. Prior to searching the vehicle, Easterling told Lieutenant Jones that the drugs in the car did not belong to his passenger and that his passenger did not have any illegal drugs in the car. Easterling told Lieutenant Jones that the methamphetamine was under the sun visor on the driver's side of the vehicle, and when Lieutenant Jones began to search the vehicle and pulled the sun visor down, the methamphetamine fell out. Lieutenant Jones discovered "two baggies contained into one bag," so he "opened the main bag and separated the pills and the meth and put them in two separate evidence bags." Lieutenant Jones continued searching the vehicle and located the meth pipe "in between the seats and console area." Lieutenant Jones then told Easterling the methamphetamine he found was

3

enough to constitute a felony and read Easterling his *Miranda*[2] rights.

¶6.     At trial, Lieutenant Jones testified about this encounter with Easterling, and the body-camera footage that captured the entirety of the traffic stop was shown to the court and the jury. Joshua Bryant also testified for the State at trial. Bryant was a narcotics investigator for the Magee Police Department at the time of Easterling's arrest. Bryant testified that he was the person responsible for transporting the items found in Easterling's vehicle to the Mississippi Forensics Laboratory in Pearl, Mississippi. He testified that the evidence produced at trial was in the same condition as it had been when he transported it, and it did not appear to be tampered with in any way.

¶7.     The last witness the State called to the stand was Raven Williams. At the time of Easterling's arrest, Williams was employed as a forensic scientist at the Mississippi Forensics Laboratory. Once the court admitted Williams as an expert witness, she testified that the substance brought to the crime lab went through a series of tests, and then she was able to successfully conclude that the substance was 0.94 grams of methamphetamine.

¶8.     At this time in the trial, the State rested. Easterling then made a motion for a directed verdict, asserting that the State did not prove beyond a reasonable doubt that Easterling was the one who actually possessed the methamphetamine. The court denied this motion. Easterling did not present any witness testimony at trial.

¶9.     The jury ultimately found Easterling guilty of possession of a controlled substance. The court sentenced Easterling to serve six years in the custody of the Mississippi

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

Department of Corrections as a second or subsequent offender and as a habitual offender. In a post-trial motion hearing, Easterling filed a motion for a new trial, and the court denied the motion.

¶10. Easterling's appellate counsel did not find any arguable issues nor assert any issues in the brief submitted on appeal. Easterling did not file a pro se brief asserting any issues on appeal.

## DISCUSSION

¶11. *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). Easterling's appointed appellate counsel filed a brief consistent with the procedure in *Lindsey* and stated that he "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the court on Easterling's behalf in good faith for appellate review, and upon conclusion, has found none." Easterling's appointed appellate counsel stated in his brief the matters he considered and reviewed, which included:

> (a) the reason for the arrest and the circumstances surrounding Easterling's arrest; (b) any possible violations of Easterling's right to counsel; (c) the entire trial transcript and content of the record; (d) all rulings of the trial court; specifically, the rulings on various defense counsel objections, including, but not limited to, objections made by defense counsel that were properly sustained; (e) possible prosecutorial misconduct; (f) all jury instructions, specifically, but not limited to, those requested by defense counsel and denied by the trial court; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing, including but not limited to the constitutionality of Easterling's sentence; (i) the indictment and all of the

5

pleadings in the record; (j) any possible ineffective assistance of counsel issues; (k) any potential discovery violations; (l) any potential violation of Easterling speedy trial right; (m) any potential Fourth Amendment violations surrounding Easterling's traffic stop; (n) the application of Easterling's sentence as a habitual and a subsequent drug offender; and (o) any violation of Easterling's right to a speedy trial in light of the nearly three-year delay in bringing him to trial.

Appellate counsel further requested forty days of additional time for Easterling to file a pro se brief if he so desired. The request was granted, but Easterling did not file a pro se brief.

¶12. Pursuant to *Lindsey*, we have "reviewed the briefs and conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Green v. State*, 242 So. 3d 923, 925 (¶9) (Miss. Ct. App. 2018) (quoting *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015)). We find no discernable error; further, the State provided sufficient evidence to establish Easterling's guilt beyond a reasonable doubt.

**CONCLUSION**

¶13. Counsel found no arguable issue to bring before us on appeal, and after our thorough, independent review of the record, we find no arguable issues that warrant reversal. Accordingly, we affirm Easterling's conviction and sentence.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**